IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

VICTOR NUTTER,

        Petitioner,

v.                                                Case No. 2:16-cv-01527

PATRICK A. MIRANDY, Warden,
St. Mary's Correctional Center,

        Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

        Pending before the Court are Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 2), and Respondent's Motion to Dismiss, (ECF No. 11). This case is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss, **DENY** Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and **DISMISS** this case from the docket of the Court.

I.    **Relevant State Court Procedural History**

        In November 1999 and March 2000, Petitioner was convicted of Sexual Abuse in the First Degree and Sexual Assault in the First Degree, respectively. (ECF No. 12 at 1). Petitioner was sentenced on June 12, 2000 to two consecutive terms of imprisonment.

(ECF No. 2-11 at 3). He appealed his convictions and sentences to the Supreme Court of Appeals of West Virginia ("WVSC"), which refused the appeal on March 21, 2001. (ECF No. 11-1 at 7-8).

On June 29, 2001, Petitioner filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Wirt County, West Virginia. (*Id.* at 8-9). By Order entered April 21, 2006, Circuit Judge Robert A. Waters denied Petitioner's request for habeas relief. (ECF No. 2-11 at 2-15). In his order, Judge Waters addressed forty grounds raised by Petitioner in the original petition, fifteen additional issues raised in a July 2004 amendment to the petition, and four arguments added in a February 2006 addendum to the petition. (*Id.*). Petitioner appealed the decision denying his petition to the WVSC, which again refused to entertain the appeal. (ECF No. 2-12).

## II. Relevant Federal Court Procedural History

On March 7, 2007, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in this court. Petitioner raised numerous challenges to his convictions and sentences, which were thoroughly examined and rejected by United States Magistrate Judge Mary E. Stanley in a 130-page Proposed Findings and Recommendation ("PF&R"). (ECF No. 11-1 at 2-131). On March 28, 2008, the presiding District Judge adopted the PF&R and dismissed Petitioner's action. *See Nutter v. Seifert,* Case No. 6:07-cv-00140 at ECF Nos. 27, 28.

In August 2008, Petitioner filed a second Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in this court. *See Nutter v. Seifert, et al.,* Case No. 6:08-cv-00967 at ECF No. 2. Magistrate Judge Stanley issued a PF&R recommending dismissal of the petition on the ground that it was second or successive and was filed without authorization from the United States Court of Appeals for the Fourth Circuit ("Fourth

2

Circuit"). *Id.* at ECF No. 4. The presiding District Judge adopted the PF&R and dismissed the action on September 5, 2008. *Id.* at ECF No. 5. Thereafter, Petitioner filed a motion with the Fourth Circuit, seeking authorization to file a second or successive 28 U.S.C. § 2254 petition. On September 12, 2008, the Fourth Circuit denied the motion. *Id.* at ECF No. 7.

Petitioner then filed a "Notice of Intent to Appeal" in this court, which was construed as a second or successive Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 by Magistrate Judge Stanley. *See Nutter v. Hoke,* Case No. 6:09-cv-01174 at ECF Nos. 1, 5. Judge Stanley filed a PF&R, once more recommending that the action be dismissed given that Petitioner did not have authorization from the Fourth Circuit to file another habeas petition. *Id.* at ECF No. 5. The PF&R was adopted, the case was dismissed, and Petitioner appealed the dismissal to the Fourth Circuit. *Id.* at ECF Nos. 6, 7, 14. On March 2, 2011, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *Id.* at ECF Nos. 21, 22.

Subsequently, Petitioner filed a second motion with the Fourth Circuit requesting authorization to file a second or successive petition under 28 U.S.C. § 2254. After reviewing all of Petitioner's prior requests for habeas relief, on October 6, 2011, the Fourth Circuit denied the motion, finding that Petitioner had previously raised all of the claims that he sought authorization to pursue. Therefore, the claims were subject to dismissal pursuant to § 2244(b)(1). *Id.* at ECF No. 27.

### III. **Instant Petition**

On February 12, 2016, Petitioner filed the instant petition for habeas relief, which he entitled, *inter alia*, "Motion of Summary Judgment, For Expedited Relief and Requesting a De Novo Review, Under the Plain Error Doctrine." (ECF No. 2). On October

12, 2016, Respondent filed a Motion to Dismiss the Motion for Summary Judgment, arguing that it was nothing more than a second or successive petition for habeas relief, which was filed without authorization from the Fourth Circuit. (ECF Nos. 11, 12). Petitioner was given thirty days to respond in opposition to the Motion to Dismiss. On October 27, 2016, Petitioner filed a response. (ECF No. 14). In his response, Petitioner agreed with Respondent's conclusions and asked to withdraw his petition, without prejudice. (*Id.* at 1).

The time for filing a reply has now expired. Accordingly, the matter is fully briefed and ready for disposition. The undersigned notes that the record before the court is well-developed and provides a sufficient basis upon which to resolve this matter without need for an evidentiary hearing. *See* Rule 8, Rules Governing Section 2254 Cases.

### IV. Discussion

In his motion for summary judgment and *de novo* review, Petitioner raises numerous errors pertaining to his convictions in 1999 and 2000. With respect to relief, he asks that the convictions be vacated, that his name be cleared, and that he be immediately released from prison. (ECF No. 2 at 19). Consequently, as Respondent asserts, and Petitioner concedes, his motion is properly construed as a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254.

A district court has jurisdiction to consider a second or successive § 2254 petition only after the petitioner "move[s] in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts. Without the requisite authorization, the district court lacks jurisdiction to hear the case. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-

filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). As the Fourth Circuit explained in *In re Williams*, the "initial determination of whether a claim satisfies" the standard for authorization of a second or successive petition "must be made by a court of appeals." 364 F.3d 235, 238 (4th Cir. 2004); *see, also, In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court under the standard established in section 2244(b)(3)(C)."). Petitioner has not received authorization from the Fourth Circuit to file a second or successive petition. Consequently, this Court lacks jurisdiction to consider the instant petition, and the action should be dismissed.

## V. Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the United States District Judge confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 2) be **DENIED**;

2. Respondent's Motion to Dismiss (ECF No. 11) be **GRANTED**; and

3. This action be **DISMISSED**, with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if mailed) from the date of filing this "Proposed Findings and Recommendations" within which to file with

the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Copenhaver and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the petitioner, the respondent, and any counsel of record.

**FILED:** January 12, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge